# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3108NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | Nebraska. |
| Steven D. Moran, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2000
Filed: June 1, 2000

_____

Before RICHARD S. ARNOLD, HEANEY, and LOKEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Steven D. Moran has been convicted on his conditional plea of guilty to one count of being a felon in possession of explosives, in violation of 18 U.S.C. § 842(i). The defendant was sentenced to imprisonment for two years and eight months, to be followed by a three-year term of supervised release. Before entering his plea, Moran had filed a motion to suppress evidence, including dynamite, a blasting cap, and drugs.

The District Court,[1] acting on the recommendation of a United States Magistrate Judge,[2] denied the motion to suppress, following which Mr. Moran pleaded guilty but reserved the right to appeal on the suppression issue. After considering the briefs and hearing oral argument, we affirm.

Both the Magistrate Judge and the District Judge have written thorough opinions in this case. We have little to add. The dynamite and other objects in question were found during the search of a trailer home belonging to Margaret Johnson. Ms. Johnson, anxious to defend herself against a charge, made by another woman, that she kept drugs at her home, had invited two police officers to search the trailer. When the officers came in, the defendant was sitting in the living room. The officers explained to him that Ms. Johnson had given consent for the search, and they then proceeded to make their search. In the bedroom shared by Ms. Johnson and Mr. Moran, the officers found a plastic bag of marijuana. Ms. Johnson denied that the bag belonged to her. She told the officers that some of the items in the bedroom did not belong to her, but to the defendant. The officers continued their search. On an upper shelf in the bedroom closet, in a jumble of boxes, tins, and bags belonging, as it turned out, partly to Ms. Johnson and partly to Mr. Moran, the officers located a particular tin box. In that box they found what they believed to be a bomb made of dynamite, wires, and .9 mm. shells. During all this time, Mr. Moran remained in the living room and offered no objection to the search.

On appeal, Mr. Moran argues that the officers had no good reason to believe that Ms. Johnson had authority to consent to the search of his tin box in the closet of the shared bedroom. He also argues that the apparent-authority doctrine is not applicable

---

[1]The Hon. Joseph F. Bataillon, United States District Judge for the District of Nebraska.

[2]The Hon. Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

because the officers had no reason to think that the tin box belonged to Ms. Johnson. We deem it unnecessary to pursue the intricacies of property and agency law. The question is whether the search was "unreasonable" within the meaning of the Fourth Amendment, and we are convinced that it was not. It is not disputed that Ms. Johnson freely gave consent, and that she owned the house trailer, including the bedroom. The tin box was not identified in any way as belonging to Mr. Moran, nor did Mr. Moran attempt to limit Ms. Johnson's consent to her own personal property. It was reasonable, as that term is used in Fourth Amendment law, for the officers to think that the tin box was within the consent that Ms. Johnson had given. It was also reasonable for the officers to think that Ms. Johnson had authority not only over the premises, as real estate, but also over all of their contents not obviously belonging to someone else. To put it another way, when Mr. Moran placed his possessions among those of Ms. Johnson in a home owned by her, without segregating or labeling them in a clear way, he assumed the risk that someone acting under authority granted by Ms. Johnson would, without deliberately intending to do so, gain knowledge about his own possessions. See Illinois v. Rodriguez, 497 U.S. 177, 188 (1990).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-